**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CRYPTON FUTURE MEDIA, INC., <br><br> PLAINTIFF, <br><br> V. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> DEFENDANTS. | CASE NO.: 1:21-CV-01396 <br><br> JUDGE ANDREA R. WOOD <br><br> MAGISTRATE JUDGE HEATHER K. MCSHAIN |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION OF
DEFENDANT'S MOTION FOR EXTENSION OF TIME
TO FILE ANSWER OR OTHERWISE PLEAD**

Plaintiff Crypton Future Media, Inc. ("Crypton" or "Plaintiff"), by its counsel, submits the following memorandum in opposition to Defendant ProCosplay's ("Defendant") Motion for Extension of Time (the "Motion"). [41]. Crypton respectfully requests that this Court deny and strike Defendant's Motion for the reasons set forth as follows:

1. Plaintiff filed this action on March 12, 2021, alleging trademark infringement, among other claims, against Defendant. [1].

2. Pursuant to Federal Rule of Civil Procedure Rule 4(f)(3) and the Temporary Restraining Order ("TRO") granted by this Court on March 24, 2021 [15], this Court authorized service of process via email and electronic publication.

3. Plaintiff served Defendant via email and electronic publication on April 16, 2021. [24].

4. The Answer period expired on May 7, 2021.

5. Defendant did not file an Answer or other responsive pleading prior to the expiration date; and has only done so today, June 21, 20201, over six weeks after the Answer period elapsed. [41].

1

6. Defendant has had three different attorneys represent him in this matter, all of whom were in communications with Plaintiff's counsel, and all of whom were aware of the filing deadlines in this matter.

7. Defendant first reached out to Plaintiff through its initial counsel on April 22, 2021. For nearly the following month, the parties actively engaged in settlement discussions. Settlement was not reached, and Plaintiff's last communication with Defendant's initial counsel was on May 17, 2021.

8. On May 19, 2021, Plaintiff received communication from Defendant's second counsel, with which Plaintiff participated in additional settlement negotiations, until its final communication on June 15, 2021.

9. Defendant's current counsel sent a courtesy email today, June 21, 2021, to Plaintiff's counsel, notifying the Plaintiff that Defendant would be filing its Motion the same day.

10. Fed. R. Civ. P 6(b)(1)(B) requires a showing of excusable neglect by Defendant in order for this Court to grant the Motion, which Defendant has failed to show.

11. Defendant had ample time and opportunity to timely defend this action and failed to do so.

12. This extension of time is unfairly prejudicial to the Plaintiff. Defendant's behavior of jumping from one attorney to another, failing to abide by the Federal Rules of Civil Procedure and the Local Rules of this Court, and deciding arbitrarily when it will or will not participate in this litigation, should not be rewarded. Additionally, if granted, other Defendants may look to this case as exemplary of the type of conduct permitted by the Court. This is not only unfairly prejudicial to Plaintiff, but to future Plaintiffs as well.

13. This extension of time will unduly burden Plaintiff. Plaintiff's Motion for Default Judgment ("Default Motion") is due June 23, 2021. [36]. Plaintiff has prepared its Motion, and as Defendant is in Default, should be permitted to request that Default be entered against him.

### A. **FED. R. CIV. P 6(b)(1)(B) REQUIRES THAT DEFENDANT SHOW "EXCUSABLE NEGLECT" WHICH DEFENDANT HAS FAILED TO DO**

Federal Rule of Civil Procedure Rule 6(b)(1)(B) permits a district court to extend a filing deadline for "good cause" after the time for the filing has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In order to find excusable neglect, "courts should consider all relevant circumstances surrounding the party's neglect, including any prejudice to the non-moving party, the length of the delay, and the reason for the delay. *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020), citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship,* 507 U.S. 380, 395 (1993). Defense counsel has not even attempted to provide a reason or excuse for Defendant's failure to act. Defendants' failure to explain why an Answer, or otherwise, has not yet been plead is fatal as plain neglect is not "excusable neglect" as Rule 6(b)(1)(B) requires. See *Id.*; *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi.*, 926 F.3d 427, 431–32 (7th Cir. 2019) (dismissing appeal for failure to show excusable neglect or good cause); *see also Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 708 (7th Cir. 2014) (explaining that Federal Rule of Appellate Procedure 4(a)(5) requires "excusable neglect," not just "plain neglect"). The Defendant did not offer a meaningful explanation for seeking the late motion—they offered nothing. When requesting an extension of time, a lack of explanation "will not suffice if no excuse at all is offered or if the excuse is so threadbare as to make the neglect inexplicable, even if it was assumed that the plaintiff suffered no prejudice." *Bowman,* 962 F.3d at 998. Lack of prejudice to the non-movant is often used as a reason to excuse neglect, as it is in this case; however, even if the Court were to assume that Plaintiff here will suffer no prejudice, this does not alone suffice, as Defendant here offered no excuse. *United States v. McLaughlin*, 470 F.3d 698, 700–01 (7th Cir. 2006); *Bowman*, 962 F.3d at 998.

Defendant gives no explanation whatsoever as to why it failed to Answer the Complaint within the relevant time frame. Moreover, Defendant's counsel, while not responsible for the delay, failed to demonstrate why Defendant neglected to file an Answer through previous counsel. It is nevertheless

3

the responsibility of Defendant itself to act efficiently in its own interests, of which it was given more than enough time to do so. Because the Defendant did not raise a single reason or excuse for its failure to act over the course of the last two months, this Court simply cannot find that "excusable neglect" exists and must deny Defendant's Motion.

    **B. DEFENDANT IS ATTEMPTING TO DELAY AND FRUSTRATE THE PROGRESS OF THIS LITIGATION**

Defendant argues that an extension of time is not being sought for the purpose of delay or frustration of the progress of this matter. [41] at ¶ 6. However, Defendant has had actual notice of this lawsuit since Defendant was served on April 16, 2021. [24]. Defendant has had sixty-six (66) days to respond to the Complaint, but instead has frustrated the progress through his actions. Defendant, while obtaining three separate attorneys to represent him throughout the course of this case, all of whom are obligated to comply with the Federal Rules of Civil Procedure and Local Rules of this Court, all of which had ample opportunity to timely defend this action, made the decision not to defend the action. Defendant could have timely filed an Answer to defend this action if that were truly its interest. Plaintiff argues that Defendant is now filing a motion for an extension of time merely as an additional ploy to further evade, delay, and frustrate the progress of litigation.

Defendant has failed to show excusable neglect, which is required under Fed. R. Civ. P. 6(b)(1)(B) for this Court to grant its Motion. Additionally, Defendant has consistently attempted to delay and frustrate these legal proceedings. If the Court were to grant its Motion, Plaintiff would be unduly burdened and unfairly prejudiced. By failing to provide any reason as to why the Answer was not filed within the Answer period, and because Plaintiff argues that Defendant's request for an extension shall be denied.

4

For the reasons set forth above, Plaintiff respectfully requests that Defendant's Motion be denied.

Dated: June 21, 2021

Respectfully submitted,

<u>*/s/ Alison Carter*</u>
Ann Marie Sullivan
Alison Carter
Sofia Quezada
AM Sullivan Law, LLC
1440 W. Taylor St., Suite 515
Chicago, Illinois 60607
Telephone: 224-258-9378
E-mail: akc@amsullivanlaw.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on June 21, 2021 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Alison Carter*
Alison Carter